IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS WINSTEAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BETH RUDZIENSKI, *Hearing Examiner* )<br>)<br>Defendant. ) | Civil Action No. 2:25-221<br>Magistrate Judge Kezia O. L. Taylor<br>District Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 26th day of February 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Kezia O. L. Taylor on January 9, 2026, (ECF No. 36), recommending that Defendant's Motion to Dismiss (ECF No. 20) be granted and that Plaintiff's Complaint (ECF No.9) be dismissed with prejudice, and without leave to amend, as any amendment would be futile, and Plaintiff's Motion for leave to file an Amended Complaint (ECF No. 42) with attached Proposed Amended Complaint (ECF No. 42-1), in lieu of filing objections, and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation, (ECF No. 36), which is ADOPTED as the opinion of this Court,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 20) is GRANTED for the reasons set forth in the Report and Recommendation;

IT IS FURTHER ORDERED that Plaintiff's Complaint [9] is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 42) is DENIED, as his attempt to amend the Complaint is futile as a matter of law. To that end, Plaintiff has failed to demonstrate that he has stated a plausible § 1983 claim for violation

of his Fourteenth Amendment right to procedural due process for the same reasons discussed in the Report and Recommendation. To reiterate, Plaintiff's 30-day cell restriction, which was reversed by the Program Review Committee eight days later, does not impose an "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Third Circuit Court of Appeals has held that "[t]he sanction of thirty days cell restriction is in the range of conditions that do not violate a protected interest under *Sandin*." *Armstrong v. Brooks*, 283 F. App'x 906, 909 (3d Cir. 2008). Moreover, the fact that Plaintiff lost certain privileges during that time does not change the analysis. *See Parkell v. Linsey*, 764 F. App'x 136, 137 (3d Cir. 2019) ("[T]he temporary 'loss of all privileges' is not the type of atypical and significant hardship contemplated by *Sandin*."); *Corbeil v. Cahill*, Civil No. 1:13-cv-1323, 2015 WL 268574, at *3 (M.D. Pa. Jan. 21, 2015) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (denial of visiting privileges and loss of prison job do not state a due process claim)). Finally, simply because Defendant violated Department of Corrections' policy concerning the calling of witnesses at a misconduct hearing will not rise to the level of a procedural due process violation pursuant to § 1983. *See Cardwell v. Estock*, Civil Action No. 2:23-cv-354, 2025 WL 2442881, at *4 (W.D. Pa. Aug. 25, 2025) ("[T]here is no cause of action for violations of DOC policy. Prison policies and regulations do not have the force of law and if violated, are not actionable under 42 U.S.C. § 1983.");

   IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED; and,

   FINALLY, IT IS ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  United States Magistrate Kezia O. L. Taylor
All counsel of record

Curtis Winstead
508338
SID#5708426 (name misspelled as Windstead at facility)
Maryland Correctional Training Center
18800 Roxbury Road
Hagerstown, MD 21746
(by U.S. mail with copy of Motion for Leave to File Amended Complaint [ECF No. 42] and Proposed Amended Complaint [ECF No. 42-1] as requested at ECF No. 43)